The Honorable Bryan L. Chesshir Prosecuting Attorney Ninth Judicial District West 122 West Bishop Post Office Box 158 Nashville, Arkansas 71852
Dear Mr. Chesshir:
I am writing in response to Deputy Prosecuting Attorney Jana Bradford's request for an opinion on four questions related to A.C.A. § 27-21-106, which generally prohibits the operation of all-terrain vehicles upon the public streets and highways of Arkansas, with certain specific exceptions. As background for your request you stated:
 [T]he Defendant was operating an ATV (commonly known as a Mule) along the shoulder of [a] U.S. Highway and on a Murfreesboro City Street. He [was] going from his residence to an area where pigs are raised for his grandchildren to show in fairs. The statutory exception is that an ATV may be operated upon the public streets and highways where the vehicle is used in farming or hunting operations and MUST be operated on the public streets and highways in order to get from one field to another . . . The Defendant has a vehicle that he can drive down the highway to get to the other property. [However,] [i]f the Defendant wishes to use the ATV at the other location, it certainly may inconvenience him [to have] to load the ATV on a trailer and drive it to the other location . . . The main income of Defendant is not derived from this whatsoever. *Page 2 
I have paraphrased your questions as follows:
 1) What does A.C.A. § 27-21-106 mean when it states that, in order for the exception for hunting and farming operations to apply, "the vehicle . . . must be operated on the public streets and highways to get from one (1) field to another?"
 2) What does farming operation mean? Does raising livestock for show constitute a farming operation within the meaning of A.C.A. § 27-21-106 if such activity is not a main source of income for the owner?
 3) How does A.C.A. § 27-21-109 work in conjunction with A.C.A. § 27-21-106? Does the requirement that that the ATV be operated outside of the city limits in order to present a valid defense pursuant to § 27-21-109 mean that ATVs cannot be operated within city limits for any purpose, essentially nullifying the exceptions listed in § 27-21-109?
 4) What does hunting operation mean? Does that phrase include an individual hunting for pleasure or does the use of the term operation imply that only profit making enterprises are included?
RESPONSE
In response to question 1, it is my opinion that the language of the statutory exception that you mentioned indicates that a farmer or hunter may drive an ATV on the public roads when he or she is driving the ATV while engaged in a farming or hunting operation AND the route that he or she has to take to get from one field to another necessarily requires him or her to drive on a public road. In response to question 2, this office cannot offer a definitive definition of terms that have been left undefined by the legislature. However, in my opinion, a court faced with the issue might well construe the phrase "farming operation" to mean simply an act related to the business of operating a farm. A determination of whether the defendant's activities constitute a farming operation would likely require an examination of the relevant facts and circumstances by a finder of fact. I will note my understanding that animals raised for show are usually sold at market eventually. This seems to suggest that raising animals for show constitutes *Page 3 
farming, albeit on a very small scale. In response to question 3, it is my opinion that the fact that operation of an ATV outside of the city limits is one of the elements of the defense set forth by A.C.A. § 27-21-109 does not automatically make operation of an ATV inside of the city limits one of the elements of the offense set forth by A.C.A. § 27-21-106. In response to question 4, again, this office cannot offer a definitive definition of terms that have been left undefined by the legislature. However, in my opinion, a court faced with the issue might well construe the phrase "hunting operation" to mean simply any process undertaken as the act of a hunter. This would presumably include acts undertaken by individuals hunting for pleasure as well as those undertaken by profit-making enterprises.
Question 1: What does A.C.A. § 27-21-106 mean when it statesthat, in order for the exception for hunting and farming operationsto apply, "the vehicle . . . MUST be operated on the public streetsand highways to get from one (1) field to another?
The section that you cited, A.C.A. § 27-21-106, generally prohibits the operation of ATVs on the "public streets and highways of this state" even if the ATV in question otherwise meets the equipment standards applicable to street legal vehicles. A.C.A. § 27-21-106(a) (Supp. 2009). However, A.C.A. § 27-21-106 also provides several exceptions to this general prohibition. See
A.C.A. § 27-21-106(a)(1)-(3) (Supp. 2009). The exception that you mention is for "farming or hunting operations." The statute states, in relevant part:
 (a) It shall be unlawful for any person to operate an all-terrain vehicle upon the public streets and highways of this state, notwithstanding the fact that the vehicle may otherwise meet the equipment standards as set forth in § 27-20-104, except under the following conditions and circumstances:
 (1) An all-terrain vehicle may be operated upon the public streets and highways where the vehicle is used in farming or hunting operations and must be operated on the public streets and highways in order to get from one (1) field to another;
A.C.A. § 27-21-106(a)(1) (Supp. 2009). *Page 4 
Your request states: "The Defendant has a vehicle that he can drive down the highway to get to the other property." You then state that it would be inconvenient for the Defendant to have to load the ATV onto a trailer in order to be able to move it to the other property for use at that location. You appear to be suggesting that the exception may only apply if the use of the ATV is either the only way or the best way to "get from one (1) field to another." In other words, your actual question seems to be whether the use of the word "must" means that an ATV may only be driven on the road when it is the only way to get from one field to another or whether the use of the word "must" permits an ATV to be driven on the road when it is merely the easiest way to get from one field to another.
In my opinion, neither of these conclusions should be drawn from the statutory language. If ATVs were only permitted on the roads when such operation was either the only way or the best way to get from one field to another, they would very seldom be permitted and the statutory exception would become virtually meaningless. Because the statute addresses operation on the roads, it is not concerned with the sorts of remote locations that are virtually inaccessible by automobile. Therefore, it would nearly always be possible for the farmer or hunter in question to easily drive an automobile down the road from one field to another rather than resorting to the use of an ATV.
Moreover, because this is a criminal provision, the statutory language will be strictly construed in favor of a defendant.See Op. Att'y Gen. 2007-201. It is, therefore, my opinion that the language of the statute indicates that a farmer or hunter may drive an ATV on the public roads when he or she is driving the ATV while engaged in a farming or hunting operation AND the route that he or she has to take to get from one field to another necessarily requires him or her to drive on a public road. In other words, the use of the word "must" simply indicates that traveling on a public road is a necessary part of the route, i.e., that the ATV "must be operated on the public streets and highways in order to get from one field to another[.]" A.C.A. § 27-21-106(a)(1) (Supp. 2009).
Question 2: What does farming operation mean? Does raisinglivestock for show constitute a farming operation within the meaningof A.C.A. § 27-21-106 if such activity is not a main source ofincome for the owner? *Page 5 
My research has not uncovered a definition of the phrase "farming operation" in the relevant portion of the Arkansas Code. This office cannot offer a definitive definition of terms that have been left undefined by the legislature. However, a court called upon to construe this phrase in the absence of a legislatively provided definition would likely base its construction on the plain meaning of the words used. Random House Webster's Unabridged Dictionary defines the term "farming" as "the business of operating a farm." RANDOM HOUSE WEBSTER'S UNABRIDGED DICTIONARY 699 (2nd Ed. 1999). The same dictionary defines the term "operation" as "an act or instance, process, or manner of functioning or operating."Id at 1357. Taking these terms together, a court faced with the issue might well construe the phrase "farming operation" to mean simply "an act related to the business of operating a farm."
A definitive determination of whether the particular activities undertaken by the defendant constitute acts related to the business of operating a farm would likely require a close examination of all of the relevant facts and circumstances by a finder of fact. This office is not equipped to serve as a finder of fact. Having said that, it is my understanding that animals raised for show are typically sold at market once their time in the show ring is over. In other words, the substance of what those who raise animals for show are doing is raising livestock to be sold at market. This seems to suggest that such activities constitute farming, albeit on a very small scale. In my opinion, whether the defendant makes a substantial portion of his income from the sale of these animals is likely irrelevant.
Question 3: How does A.C.A. § 27-21-109 work in conjunctionwith A.C.A. § 27-21-106? Does the requirement that that the ATV beoperated outside of the city limits in order to present a validdefense pursuant to § 27-21-109 mean that ATVs cannot be operatedwithin city limits for any purpose, essentially nullifying theexceptions listed in § 27-21-109?
As previously stated, A.C.A. § 27-21-106 generally prohibits the operation of ATVs on Arkansas' public roads with several exceptions. Arkansas Code Annotated § 27-21-109, however, provides a defense to prosecution under A.C.A. § 27-21-106.[1] *Page 6 
To explain more fully, section 27-21-106 sets forth the nature of the offense. An individual accused of violating this section can be found guilty only if all of the elements of the offense are met AND none of the exceptions to the offense apply. However, even if all of the elements are met and no exception is applicable, an accused individual may still defend himself or herself against charges brought pursuant to section 27-21-106 by presenting the defense set forth by section 27-21-109. If all of the elements of the defense under the latter section are present, then the accused cannot be found guilty of violating section 27-21-106 despite the fact that the elements of the offense are present without any exception.
Operation within the city limits is not one of the elements of the offense under section 27-21-106. Moreover, none of the exceptions to the offense under this section mention the city limits. Therefore, the general area where the ATV was operated (inside or outside the city limits) is irrelevant to whether an offense was committed. For example, if an individual was properly riding an ATV on the public roads under the exception for farming or hunting operations, it does not matter whether he or she was within the city limits. No offense was committed because the individual was under the exception. The presence of the elements of the defense under section 27-21-109 is essentially irrelevant in this example because there was no offense in the first instance. (As previously explained, the defense is only relevant if all of the elements of the offense have been met and no exception is applicable.) *Page 7 
If, on the other hand, the elements of the offense are present and there is no applicable exception, then the elements of the defense become relevant. At that point, the accused individual may defend himself or herself by arguing that: 1) he or she was outside the city limits; 2) he or she was not on an interstate; 3) the route that he or she was traveling was the most reasonable way to get from either a) one off-road trail to another, or b) from his or her private property to an off-road trail; AND 4) his or her purpose in riding on the public road was to get from either a) one off road trail to another, or b) from his or her private property to an off-road trail. A.C.A. § 27-21-109 (Repl. 2008).
In sum, the fact that operation of the ATV outside of the city limits is one of the elements of the defense set forth by A.C.A. § 27-21-109 does not automatically make operation of the ATV inside of the city limits one of the elements of theoffense set forth by A.C.A. § 27-21-106. The location (in relation to the city limits) where the ATV is being operated is irrelevant to whether the offense has been committed in the first instance, and only becomes relevant when the elements of the section 27-21-106 offense are present and the section 27-21-109 defense is then invoked.
Question 4: What does hunting operation mean? Does that phraseinclude an individual hunting for pleasure or does the use of theterm operation imply that only profit-making enterprises areincluded?
My research has not uncovered a definition of the phrase "hunting operation" in the relevant portion of the Arkansas Code. Again, this office cannot offer a definitive definition of terms that have been left undefined by the legislature. As noted above, however, a court called upon to construe this phrase in the absence of a legislatively provided definition would likely base its construction on the plain meaning of the words used. Of course, the word "hunting," as used here, means the "act of a person . . . that hunts." RANDOM HOUSE WEBSTER'S UNABRIDGED DICTIONARY 699 (2nd Ed. 1999). While the word "operation" can sometimes indicate "a business, especially one run on a large scale," the more common usage is the one discussed above: "an act or instance, process, or manner of functioning." Id at 1357. For this reason, a court faced with the issue might well construe the phrase "hunting operation" to simply mean any process undertaken as the act of a hunter. This would presumably include acts undertaken by individuals hunting for pleasure as well as those undertaken by profit-making enterprises. *Page 8 
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JLC:cyh
cc: Jana Bradford, Deputy Prosecutor Pike County, 9th Judicial District West
[1] Arkansas Code Annotated § 27-21-109 provides, in relevant part:
 (b) It shall be a defense to prosecution under § 27-21-106 for a violation of operating an all-terrain vehicle upon the public streets or highways if the all-terrain vehicle operator can show by a preponderance of the evidence that:
 (1) The public street or highway was outside the city limits of any municipality or incorporated town in Arkansas;
 (2) The public street or highway was not a United States interstate highway;
 (3) Traveling on the public street or highway was the most reasonable route of access available to him or her from one (1) off-road trail to another off-road trail or from his or her private property to an off-road trail; and
 (4) His or her purpose for riding on the public street or highway was to get from one (1) off-road trail to another off-road trail or his or her purpose for riding on the public street or highway was to get from his or her private property to an off-road trail.